The next case is Rollins v. Stabile. Mr. Marks is here for the appellate. Mr. Davis for the appellee. Mr. Marks, you may begin when you're ready. It pleases the Court, Jeffrey Marks, on behalf of the appellant, Officer Stabile. With me is my colleague, Tammy Alvarez, who is the trial counsel and co-counsel for the appeal. I've asked to reserve three minutes for rebuttal. The issue on appeal is a very narrow issue, and we were very particular in the issue we chose to take up. The District Court, this is a 1983 action, and the District Court was presented with a summary judgment motion on behalf of the two officer defendants in the City of Hollywood, who was not a participant in these proceedings because their summary judgment was denied. One of the officer defendants was granted summary judgment, and Officer Stabile was granted summary judgment on one issue but denied on other issues, and we chose to focus on the 1983 allegation of false imprisonment or false arrest, which is count five of the plaintiff's complaint. We chose that particular allegation because we looked at the District Court's order, we looked at the evidence, and we concluded that while we disagree that there are factual issues, there was sufficient . . . False imprisonment is a state tort claim, right? That's correct, but this is the 1983 civil rights violation based on the allegation of false imprisonment. I'm trying to figure out what you're appealing. You don't discuss excessive force in your brief at all, so you're not claiming qualified immunity for that constitutional violation, right? Well, we are claiming qualified immunity in the District Court. We're not claiming error in the District Court's decision denying summary judgment. Our focus is on . . . it's count five of the plaintiff's complaint. Just the 1983 claim . . . Or false . . . Unlawful imprisonment, that's it? That's correct, Your Honor. Qualified immunity, that's the only thing you're appealing? That's correct. That's correct. And I tried my best to make that clear. And for us to have jurisdiction, you have to accept the plaintiff's version of the facts, correct? Unquestionably, that's what the law . . . So under the plaintiff's version, how did you have probable cause or even arguable probable cause, just under the plaintiff's version of the facts? I understand, Your Honor. When we went back and looked at the District Court's decision, which says that in the order that they were looking at the plaintiff's version of the facts, there's a dispute about probable cause, arguable probable cause, and even sufficiency of the stop. We went back and looked at the facts, all the facts. And what we think is the conflict here in looking at all the facts in favor of the plaintiff are that the disputed facts, even taking the plaintiff's version of the facts, I was with a colleague, we drove up to the store, music was playing. Given their version, he says, it wasn't as loud as the officers say it was loud. All those are not relevant disputed facts because the fact is that music was playing. But what gave them probable cause? Loud music alone in Florida does not give them probable cause. It's not just loud music, Your Honor. And that's what I'm getting to, which is the point. In the record, the evidence of the officers, they were involved in a domestic investigation, and they were there, they were on scene at the time. No, I understand all of that. I think we read the briefs. I'm sorry to interrupt you, I apologize. Tell me exactly what fact gives the officer probable cause. Just tell me the fact first, and then you can explain it. The statement by, the independent statement by one of the two individuals being investigated that the passenger who got out of Rollins' car was intoxicated. And his statement was taken in the internal affairs. But that has nothing to do with Rollins, right? The fact that the passenger was intoxicated. How does that give you, like, if I'm intoxicated, that doesn't give you probable cause to arrest Judge Wilson. It's that and then Officer Stabile, who was with Officer Beckford, was in the midst of the investigation involving the domestic dispute, had to turn and signal to Rollins to lower the music. But under Rollins' view of the facts, he says, the first time they told me to lower the music, they were walking towards me. I had, quote, the music midway. And as soon as they told me, I lowered it. So if I drive by my music loud, an officer tells me to lower it, and I lower it, where's the arguable probable cause? And the impeding of the investigation. Well, Rollins says the investigation was over at that point. Well, I don't know how he could know that, that the investigation was over. But the evidence about whether the investigation was over or not comes in. There's a conflict in the evidence. Do you have to have intent in obstruction of justice? I don't believe so, Your Honor. Do you have to have a physical act in Florida? Well, Florida says there are minor exceptions, but the general rule seems to be the physical act. What's the physical act? Well, the cases that rely upon the necessity of the physical act and show that the physical act is necessary involve cases involving substantial distance. These officers were right next to the car, and they were – but I'm not just relying upon the obstruction. We're also saying it's the obstruction coupled with the belief that there was alcohol and – or marijuana, because Officer Stabile says – Well, Rollins disputes that. I understand what he says, but that's irrelevant for what we're doing. Otherwise, we don't have jurisdiction, right? So we accept Rollins' view. He disputes that, and the Singletary case says we can disregard that fact if the record belies it. But here, there was – when you did a drug test, everything came up clean. So that actually – the record supports his view. But there's also the doctrine of mistaken belief, and an officer has a responsibility that if he believes that there is – the offense has been committed, he is entitled to investigate it. So when Officer Rollins says – I'm sorry, Officer Stabile, I apologize – says, I smelled marijuana and alcohol, he was within his right to conduct the investigation. The fact that Rollins says there wasn't any is not the objective fact for determining whether or not the officer can conduct the investigation. Okay, so that's – I understand your argument, but how do we do that on an interlocutory appeal? I get it to a jury. I get it after the fact. But how do we do it in an interlocutory appeal when we accept Rollins' versions? My point is that his statement that there was no alcohol and that there was no drugs does not create an issue of fact because we're looking at what is in the mind of the officer and what he is relying upon. Could a reasonable jury come to the conclusion that the officer was lying when he said that Rollins smelled like alcohol or marijuana? Well – And could a reasonable jury come to the conclusion that the officer was lying when he said he had finished his investigation at the grocery store? And could a reasonable jury come to a different conclusion that Rollins was playing his music too loudly? And all those are relevant to determining if a reasonable officer would have probable cause to detain Rollins, right? If I answer the question yes, then it clearly undercuts the argument. My point that I'm trying to make – and I'm not going to tell you that the answer is absolutely, unequivocally no but what I do have is, for example, the case that Kirkland, you have more facts where the officer was lying and you have proof of lying. Well, let me help you with that. So in the record in this case, Officer Beckford said that Mr. Rollins' words were not slurred, he didn't have glassy eyes, he did not appear to be intoxicated, and furthermore, that the officers made no investigation into whether Rollins was investigated. So that sounds to me a lot like the Kingsland case. And not again to put a dagger in my own back, but the follow-up conclusion to that would be, and isn't that a reasonable officer position? And I understand that's what Officer Beckford said, but Officer Beckford also said that he distanced himself from the event and that he was not participating in it. Well, he was communicating with Mr. Rollins through the passenger window. That's also in the record. Initially, and then he steps back. But it's Officer Stabile who is the one that says that he smells alcohol and marijuana, and the reason why I think that the obstruction and the intoxication have to be joined together is that you have the independent cooperating evidence from Mr. Jenkins, one of the individuals involved in the domestic dispute, who says that the passenger comes in and says, you know, ho, ho, ho, Merry Christmas, Happy New Year, and the officers are looking at a car that's parked in an illegal, parked in a handicapped parking spot right in front of them with loud music, and Mr. Jenkins also says in his same statement that Officer Beckford, I think it was, was distracted or the officers were distracted from what they were doing. The plainest version of the facts, as I understand it, correct me where I'm wrong, and I'm looking at his statement of facts, is the music was what he called midway, not loud. When directed, he turned it down. He didn't smell of alcohol or marijuana, nor did he smoke marijuana or drink alcohol. That's the version. Under that scenario, anyone in America can be arrested. Well, or detained, and it's the detention part of it, which is really what I'm focusing on. But how do you have reasonable suspicion, or even if we want to use the arguable reasonable suspicion, under the version of facts I just gave you? Because there are additional facts that notwithstanding the plaintiff saying I didn't do it, and I wasn't doing it, you have independent outside evidence, and that's why I would point to Mr. Jenkins, who is the one. But you're using that evidence to contradict what the plaintiff is saying. I mean, what outside evidence do you have that the plaintiff did something different that gave you the authority to detain him, something different than what I just gave? I can't point to anything outside of what the plaintiff says, but my argument is constructed on the fact that the court looks at all of the evidence because of the nature or policy of the immunity, which is that it's not just a qualified immunity that is something that should be waved around lightly. It's something that basically says you're not even supposed to be subject to the lawsuit. And so on this false arrest, false imprisonment claim, 1983 claim, when you look at the other evidence, which creates in the officer's mind the basis for engaging with Mr. Rollins, that's why we think that the district court got it wrong, even if you take Rollins' view of the evidence, because there's other evidence which gives them, the officers, the basis for conducting their investigation. I see that my time is running out, and I will respond to any issues on rebuttal. You reserve some time. Thank you, Mr. Marks. We'll hear from Mr. Davis. Good morning, and may it please the court, Michael Davis, Ben Cuney, and trial lawyer Douglas Jeffrey here on behalf of Warren Rollins. The district court in denying summary judgment relied upon four independent sources of disputed fact. The video, Mr. Rollins, Mr. Jenkins, and quite significantly, Officer Beckford, have all offered evidence and testimony that materially contradicts Officer Stable's version of the events. And as the court has noted, there are roughly five key factual disputes. One, was the investigation ongoing when Mr. Rollins pulled into the parking lot? Two, was Mr. Rollins playing loud music? Three, did Mr. Rollins turn down his music upon being engaged by the police? Four, was there a smell of marijuana or alcohol? And five, did Mr. Rollins appear to be intoxicated? Do we have jurisdiction? Do we have an appealable order? Yes and no, Your Honor. There is no jurisdiction with respect to the state law false imprisonment claim because the notice of appeal did not include the state law claims. There would, however, be jurisdiction with respect to the federal civil rights claim that alleged the unlawfulness of the arrest. I thought they – I'm sorry if I missed this – I thought they appealed generally. Am I wrong? Yes, Your Honor. Your Honor, the notice of the appeal, the exact language was Alfred Stable appeals to the United States Court of Appeals for the 11th Circuit. The order denying Defendant Alfred Stable's motion for summary judgment on qualified immunity. And the notice of appeal that is – Oh, because you're saying it's not qualified, it's state immunity. Exactly, Your Honor. I mean, the reality is isn't it inextricably intertwined in such a way that under 11th Circuit case law we could consider it? Respectfully no, Your Honor. Under Williams v. Roper, which is a case involving an identical notice of appeal, the court concluded that a state law immunity claim was not inextricably intertwined with the federal civil rights claim because the state law claim does not turn on clearly established law. And under Florida state law, a false imprisonment affirmative defense of probable cause does not turn on clearly established law. So under Williams v. Roper, which is identical to the notice of appeal here, there would not be jurisdiction to address the state law false imprisonment claim. Still, though, even if the court were to conclude that there was jurisdiction for both – I'm sorry to interrupt you, counsel. Do you have a cite for that by any chance? Yes, Your Honor. It's 541 Federal Appendix 937, and it's cited in our initial brief as well, Your Honor. Great. Thank you. That's not binding on us. That's a nonpublished opinion, isn't it? Yes, Your Honor. But the reasoning of the decision is very sound. There's a full analysis. There's a complete analysis, and the court could apply that analysis to this case and follow it. As this court is aware, in order for this court to have jurisdiction, jurisdiction must be properly invoked, and proper invocation of this court's jurisdiction involves filing a timely notice of appeal and actually including the specific portion of the order that one intends to appeal in order to invoke this court's jurisdiction. And in this case, instead of filing a notice of appeal that appealed the entirety of the summary judgment order, the defendant, Officer Stabile, only chose to appeal the order on qualified immunity. Didn't this, correct me if I'm wrong on this, the district court, I thought, intertwined the claims when it discussed them and just called it, I think, qualified immunity for both. Correct? The analysis by the district court was the false imprisonment was altogether. Am I wrong on that? Yes and no, Your Honor. I like the no part. So the court did address them together, but with respect to the analysis of, if the court looks at the analysis of the false imprisonment claims, the court doesn't repeat the qualified immunity analysis, and the court basically determines that there is a factual dispute, and because there's a factual dispute as to the underlying facts, summary judgment should be denied. So the court didn't actually necessarily rule on the qualified immunity. The court didn't get that far because the facts as to what happened, whether the music was loud, whether there was an ongoing investigation, there was a disputed fact as to that. Right, but my point is that in order to decide that there was no immunity, the court had to decide there was a material issue of fact. Exactly, Your Honor. And so what your friend on the other side is doing is saying, look, except the plaintiff's version of the facts, then I can appeal, and that technically under the law is correct, and it seems to me like we're splitting hairs a little bit on the imprisonment claims, right? Because what you're saying is essentially, does Florida not – and I'm sorry, I don't know this – do they not call it qualified immunity? Do they call it state immunity? So Florida law does not have a qualified immunity defense to false imprisonment. The only defense is probable cause, and it's a different probable cause standard than in federal court. In federal court, it would be arguable probable cause, whereas under state law, it would just be probable cause as a defense. And in this case, the district court correctly concluded – versus he has to go to trial no matter what, and then a jury finds in his favor. Does that make sense? I don't know if I would necessarily agree with the court's description, and I'm not really sure in terms of that articulation. The way that I would articulate Florida law on this point is this way. Probable cause is an affirmative defense to a claim of false arrest. The Eleventh Circuit said it's an absolute bar, which indicates to me it's immunity, right? In Rankin v. Evans, the Eleventh Circuit said probable cause constitutes an absolute bar to both Florida and 1983 claims alleging false arrests. So why isn't that immunity? The court may have used the term absolute bar, but I think the court may have meant absolute bar in terms of if there are no issues of disputed fact as to probable cause, then there's no lawsuit. But even if the court were to conclude that there is jurisdiction to review both the federal and state law claims, the district court correctly denied summary judgment due to the issues of disputed fact, as the court has already articulated. Importantly, the first three facts that I've mentioned, whether the investigation was ongoing, whether there was loud music, whether Mr. Rawlins turned down the music, Mr. Stabile, in his initial brief, concedes that these are disputed facts. There is no dispute that they are not disputed facts. Mr. Stabile's only position is that they are not material disputed facts, and they are material under this court's decision in Davis v. Williams. Should the court, as Judge Thaper and Judge Wilson have noted, should the jury conclude and accept Mr. Rawlins' version of the facts, which is that the music was not so loud, that when the officers engaged them, he turned the music even further down, and that there was no ongoing investigation, then the jury could reasonably find there was no probable cause and no arguable probable cause for an obstruction of justice arrest. He argues that the officer could have arguably had probable cause based on the smell of alcohol or drugs coming from the car. Is it enough for Mr. Rawlins just to say, I didn't use alcohol or drugs? Yes, Your Honor. Is that an issue of fact? Yes, Your Honor. Under Judge Wilson's Kingsland decision, this is the precise exact issue where you have the plaintiff, or the police, whether they claim they smell the odor of an illegal substance, and the plaintiff said there was no such smell. And as Judge Wilson explained in that decision, the plaintiff is not required to prove a negative, the absence of a smell. What matters is that he testifies that there was no smell and that the officers have not produced any objective evidence, any physical evidence of something being there. And in this case, that's exactly what we have. There was no marijuana recovered on scene. There was no alcohol recovered on scene. And even more, we have Officer Beckford, as Judge Pryor noted during the appellant's argument. Officer Beckford, who is an eight-year police officer, has eight years of experience. He explained that in his experience, he had no reason to believe that Mr. Rawlins was intoxicated. And all of those facts together and separately create an issue of fact as to whether there was probable cause for an arrest of driving while under the influence. As the court has noted, and I think as the appellant has conceded, this case will go to trial. The appellants have not challenged the other federal law and state law claims. The only question before the court is how many will go before the jury. And the court should affirm the district court's denial of summary judgment because there are genuine issues of material fact. If the court has no further questions, I will yield my time. Thank you, Mr. Davis. Thank you, Your Honor. We'll hear again from Mr. Marks. May it please the court. I feel like I'm working under the no good deed goes unpunished. The notice of appeals specifically referred to the qualified immunity. The qualified immunity applies to the 1983 claims of the plaintiff. Judge, to answer your questions about in Florida law, probable cause is an absolute bar under federal or state claims. There's a distinction, however, in Florida. I don't think Florida recognizes arguable probable cause as a defense to state law claims. And in Florida, our sovereign immunity statute has an exception to it, which is that the individual's actions are willful and wanton. And so there is the state immunity, but it is a different analysis. So that's why when we were looking at the order to take up an issue, we really are saying that it seems like no good deed goes unpunished because we wanted to focus in on the one thing that we thought that the facts were undisputed, even viewing them in Mr. Rollins' view because of the other facts, giving the officers, giving them the suspicion. So are you or are you not appealing the state? No, no. You're not appealing the state false imprisonment? No, we're appealing Count 5, the decision to deny summary judgment on Count 5, which was included in the plaintiff's complaint, has a separate affirmative defense by the defendant, as we cite in the record, and was analyzed by the court and briefed, also, at summary judgment on qualified immunity. So I'm sorry if there was confusion on that, but that was always our intent, was just qualified immunity, Count 5, 1983. And so to come back to the question about whether or not reasonable jurors could make certain factual determinations, I think as it relates to at least the qualified immunity analysis, the focus is on the officer, the viewpoint of the officer. Would a reasonable officer act in that fashion? And as it relates to probable cause, the test is, let me just find it because I don't want to, there's a reasonable suspicion that the officer's knowledge of which reasonable, trustworthy information are sufficient to warrant a person of reasonable sort of cause and belief to be committed. There's also arguable probable cause, which is a step down, which goes even further, and it looks at would reasonable officers in the same circumstances, well, when there is an individual coming out of a car and smell of alcohol and marijuana as testified by the officer, there's a reasonable basis, reasonable officers would investigate and detain under Terry. And so that's why we think that the district court's view is in error and the court should reverse on Count 5 of the Second Amendment complaint. Thank you. Thank you, Mr. Davis and Mr. Marks.